# IN THE SUPREME COURT OF TEXAS

════════════
No. 11-0155
════════════

ANN WOOD SHOOK, PETITIONER,

v.

DAVID GRAY, RESPONDENT

════════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRTEENTH DISTRICT OF TEXAS
════════════════════════════════════════════════════════

**PER CURIAM**

G.W., David Gray and Lucy Wood's nine-year-old daughter, has lived with her maternal grandmother, Ann Shook, for her entire life. Although G.W.'s parents have been in and out of her life to varying degrees since she was born, no one disputes that at the time of the custody hearing the grandmother's home was the only home G.W. had ever known. We are asked to decide whether the court of appeals erred by remanding this case to the trial court for hearings to determine the custody and visitation rights as between Gray and Wood only. We grant Shook's motion for rehearing of her petition for review and, pursuant to Rule 59.1 of the Rules of Appellate Procedure, hold that, by barring the trial court from considering Shook, the court of appeals unduly restricted the trial court's ability to protect the child's best interest.

When G.W. was three-and-a-half years old, Gray filed an original suit affecting the parent-child relationship requesting that he and Wood be appointed joint managing conservators and that

Wood be given the primary right to establish G.W.'s residence.[1]  Shook intervened on the basis that she "has had actual care, control, and possession of [G.W.] for more than 6 months ending no more than 90 days preceding the date of filing of [the] petition."  *See* TEX. FAM. CODE § 102.003(a)(9). She requested that she and Wood be appointed joint managing conservators and that she be named the joint managing conservator with the exclusive right to designate G.W.'s primary residence.  She also asked that Gray be appointed possessory conservator.  Subsequently, Gray amended his petition to request that the trial court appoint him joint managing conservator with the exclusive right to establish G.W.'s residence.  Gray did not specify who should be named the other joint managing conservator.

Shortly after G.W. was born, G.W. and her mother moved into Shook's home in Victoria, Texas.  At the time of the custody hearing, when G.W. was almost five years old, G.W. still lived with Shook.  Wood had moved out of Shook's home to live on her own two years earlier, and Gray had lived in Houston, New Jersey, Colorado, and Seattle between G.W.'s birth and the time of the custody hearing.  The trial court appointed Shook as G.W.'s sole managing conservator and named Gray and Wood as G.W.'s possessory conservators.

The court of appeals reversed, holding that the trial court abused its discretion in naming Shook, a nonparent, as G.W.'s sole managing conservator because Shook failed to present any evidence that could overcome the presumption that a parent should be named as managing

---

[1] In his petition, Gray stated, "The best interest of [G.W.] will be served by the appointment of Lucy Wood as joint managing conservator with the exclusive right to designate the primary residence of the child, and [Gray] so requests."  Gray further requested that "appropriate orders be made for access to the child and the allocation of the rights and duties of the conservators."  Although Gray does not explicitly state the type of conservatorship he sought, we infer that he wished to be named a joint managing conservator.

conservator. 329 S.W.3d at 198–99; Tᴇx. Fᴀᴍ. Cᴏᴅᴇ § 153.131 (stating that a parent shall be appointed as a sole managing conservator or both parents shall be appointed as joint managing conservators "unless the court finds that appointment of the parent or parents would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development"). Additionally, the court of appeals remanded the case for the trial court to reconsider the conservatorship and access rights between Gray and Wood only and explained:

> [T]he trial court held in Shook's favor, making it unnecessary for that court to determine G.W.'s best interest as it related to the custodial or visitation rights that should exist between Gray and [Wood] only. Because of this, and because we have overturned the trial court's ruling designating Shook as sole managing conservator, we find it to be in the interest of justice not to simply render judgment in Gray's favor. Further, more than a year has passed since the custodial hearing; circumstances may have changed during this time such that it would not be in G.W.'s best interest to appoint Gray as her sole managing conservator, and we have no ability to determine the present circumstances of any of the parties, nor do we have the luxury of sitting as a fact-finder. For the forgoing reasons, we remand this case to the trial court for custodial hearings to determine the rights as between Gray and [Wood] only.

329 S.W.3d at 199. Shook contends that the court of appeals should not have precluded the trial court from considering her role in G.W.'s life on remand. We agree.

By foreclosing the trial court from considering Shook on remand, the trial court may be unable to protect G.W.'s best interest. Tᴇx. Fᴀᴍ. Cᴏᴅᴇ § 153.002 ("The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child."). As the court of appeals pointed out, it had "no ability to determine the present circumstances of any of the parties, nor d[id it] have the luxury of sitting

3

as a fact-finder." *Id*. That statement illustrates the problem with remanding for custodial hearings between Gray and Wood only. The trial court must be able to consider the changed circumstances. G.W. is now nine years old and over four years have passed since the trial court issued its order. Even assuming Shook previously failed to present evidence capable of overcoming the parental presumption, it does not follow that she will necessarily be unable to overcome the parental presumption under the present circumstances.

Moreover, Shook pled and established general standing to file a suit for conservatorship and access, as someone who has had care, control, and possession of a child for the designated time. TEX. FAM. CODE § 102.003 (authorizing suit by "a person, other than a foster parent, who has had actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of the petition"). Shook's inability to overcome the parental presumption does not deprive her of standing to be considered for conservatorship or access. If Shook fails to overcome the presumption that a parent should be named managing conservator on remand, the trial court may still name Shook as a possessory conservator or grant her access if that would be in G.W.'s best interest.

Thus, we conclude that the court of appeals erred in preventing the trial court from considering Shook for conservatorship of or access to G.W. Accordingly, without hearing oral argument, we affirm the court of appeals' judgment remanding the case, but reverse to the extent the judgment limits the trial court's consideration of the role Shook should play in G.W.'s life, whether as conservator or a person with defined access rights. TEX. R. APP. P. 59.1.

**OPINION DELIVERED:** October 5, 2012