**Opinion filed March 7, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00273-CV

_____

## IN THE INTEREST OF A.D.P., L.P., AND M.R.B., CHILDREN

**On Appeal from the 106th District Court**
**Dawson County, Texas**
**Trial Court Cause No. 10-10-18,468**

### M E M O R A N D U M   O P I N I O N

Appellant is the mother of A.D.P., L.P., and M.R.B.—girls born in 2005, 2008, and 2009. The trial court entered an order terminating the parental rights of Appellant as to M.R.B. and the parental rights of the fathers as to A.D.P., L.P., and M.R.B. In the same order, the trial court awarded managing conservatorship of A.D.P. and L.P. to the Department of Family and Protective Services and permitted Appellant to have supervised possessory conservatorship; it did not terminate Appellant's parental rights with respect to A.D.P. or L.P. Appellant filed a notice of appeal; the fathers did not. We affirm in part and reverse in part.

*Issues*

Appellant presents six issues for review. In her first and second issues, Appellant asserts that the evidence is legally and factually insufficient to support the finding that she constructively abandoned M.R.B. In her third and fourth issues, Appellant challenges the legal and factual sufficiency of the evidence supporting the finding that termination of her parental rights is in the best interest of M.R.B. In the fifth and sixth issues, Appellant argues that the

evidence is legally and factually insufficient to support the trial court's finding that appointing either her or a relative as the managing conservator of A.D.P. and L.P. would not be in their best interest.

*Legal and Factual Sufficiency as to M.R.B.*

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001 (West Supp. 2012). To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002).

To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(1)(A)–(T) and that termination is in the best interest of the child. Section 161.001. In this case, the trial court found that Appellant had committed one of the acts listed in Section 161.001(1): that of constructive abandonment pursuant to Section 161.001(1)(N). The trial court determined that Appellant had constructively abandoned M.R.B. because M.R.B. had been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services or an authorized agency for not less than six months and (1) the Department or authorized agency had made reasonable efforts to return M.R.B. to Appellant, (2) Appellant had not regularly visited or maintained significant contact with M.R.B., and (3) Appellant had demonstrated an inability to provide M.R.B. with a safe environment. *See id.* § 161.001(1)(N). The trial court also found that termination of Appellant's rights was in the best interest M.R.B. *See id.* § 161.001(2).

To support termination for constructive abandonment under Section 161.001(1)(N), it must be shown that the Department or an authorized agency had been the managing conservator of the child for not less than six months, that the Department or authorized agency had made reasonable efforts to return the child, that the parent had not regularly visited or maintained significant contact with the child, and that the parent had demonstrated an inability to provide the child with a safe environment. In this case, the evidence showed that M.R.B. was born on October 27, 2009. She had been under the managing conservatorship of the Department since

2

December 10, 2010. M.R.B. had been placed in a foster home in the Dallas area in January 2011. The final hearing in this case was conducted on August 14, 2012. Appellant visited M.R.B. only twice during this time period: once in December 2011 and once in January 2012. Thus, Appellant failed to regularly visit or maintain significant contact with M.R.B. while she was in the Department's care. Evidence was introduced indicating that the Department made reasonable efforts to work with Appellant. There was also evidence that Appellant allowed "inappropriate" people around her children and was, thus, unable to provide M.R.B. with a safe environment. The trial court's finding under Section 161.001(1)(N) is supported by the record. Appellant's first and second issues are overruled.

In her third and fourth issues, Appellant argues that the evidence is legally and factually insufficient to support the trial court's finding that termination of Appellant's parental rights to M.R.B. is in M.R.B.'s best interest. With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

The record shows that the Department originally became involved in this case in September 2010 based upon an allegation of neglectful supervision due to the environment in Appellant's home. According to the Department's caseworker, there was no food, no water, and no electricity in the home, and there was "drug use" by Appellant and other adults in the home. The children were removed from Appellant's care at that time. Prior to the final hearing in this case, Appellant had completed her family service plan, had ceased testing positive for drugs, had held a job almost three months, and had improved her housing situation. The home environment,

3

however, was still concerning to the Department and to the children's guardian ad litem because Appellant continued to allow inappropriate people in her home and around her children.

M.R.B. was born in October 2009. She was placed in a foster home in January 2011 and remained in that same foster home at the time of the final hearing in August 2012. Appellant saw M.R.B. only twice during this time period, and the children's guardian ad litem noted the lack of bonding between M.R.B. and Appellant. Testimony showed that M.R.B. had "a very good bond" with her foster family and that her foster parents wanted to adopt M.R.B. The guardian ad litem had observed M.R.B. in her foster home and believed that disruption of that placement would not be in M.R.B.'s best interest.

Based on the evidence presented at trial, the trial court could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in the best interest of M.R.B. We cannot hold that the finding as to best interest is not supported by clear and convincing evidence. The evidence is both legally and factually sufficient to support the finding that termination of Appellant's parental rights is in the best interest of M.R.B. Appellant's third and fourth issues are overruled.

### *Conservatorship of A.D.P. and L.P.*

In her final two issues, Appellant complains that the trial court erred in awarding sole managing conservatorship of A.D.P. and L.P. to the Department because the evidence is legally and factually insufficient to support the trial court's finding under Section 263.404 of the Family Code. TEX. FAM. CODE ANN. § 263.404 (West 2008). Section 263.404(a) provides that a trial court may render a final order appointing the Department as a child's managing conservator without terminating parental rights if the court finds that (1) a parent's appointment as managing conservator "would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development" and (2) appointment of a relative of the child or another person would not be in the child's best interest. In deciding whether to appoint the Department as a child's managing conservator without terminating parental rights, the trial court must take the following factors into consideration: (1) that the child will reach eighteen years of age in not less than three years; (2) that the child is twelve years of age or older and has expressed a strong desire against termination or being adopted; (3) that the child has special medical or behavioral needs that make adoption unlikely; and (4) the needs and desires of the child. Section 263.404(b).

4

The presumption that the best interest of a child is served by awarding custody to a natural parent is deeply embedded in Texas law. *Lewelling v. Lewelling*, 796 S.W.2d 164, 166 (Tex. 1990). The statutory language found in Section 263.404(a), which requires a showing that the appointment of a parent as managing conservator would significantly impair the child's physical health or emotional development, creates a strong presumption in favor of parental custody and imposes a heavy burden on a nonparent. *Id.* at 167 (interpreting a different section in the Family Code with the same language as Section 263.404(a)). Evidence showing that the nonparent would be a better custodian of the child does not suffice. *Id.* The nonparent must affirmatively prove by a preponderance of the evidence that appointing the parent as managing conservator would significantly impair the child, either physically or emotionally. *Id.*; *see also In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007). Conservatorship determinations are subject to an abuse of discretion standard on appeal. *See J.A.J.*, 243 S.W.3d at 616.

In this case, the Department offered no evidence that either A.D.P.'s or L.P.'s physical health or emotional development would be significantly impaired if Appellant were appointed as the managing conservator. Only three witnesses testified at trial: the Department's caseworker, the children's guardian ad litem, and Appellant. The most damaging evidence against Appellant related to the conditions in her home when this case was initiated and the fact that Appellant had used drugs in the past. However, Appellant had remedied these issues long before the final hearing in this case. From July 2011 (more than a year before trial) forward, all of Appellant's drug tests were negative. Appellant had completed all of the services required by her family service plan and had obtained a job. She had rid herself of a violent boyfriend. Appellant had rented a three-bedroom apartment with rooms and beds for A.D.P. and L.P.; she had lived there for nine months at the time of trial. The Department's caseworker described Appellant's apartment as "decent"; the conditions and cleanliness of that apartment were acceptable. The Department's main concern in this case was that Appellant was involved with "inappropriate" people. However, when the Department attempted a monitored return of A.D.P. and L.P. to Appellant, the Department failed to have a safety plan in place regarding any such inappropriate people or people with a criminal background being around Appellant and the children. After three months, A.D.P. and L.P. were removed from the monitored return during a home visit by the Department because there was not much food in the apartment and because there were inappropriate people there. A man with a criminal history was in L.P.'s room with L.P. and was unsupervised. The paternal grandmother of A.D.P. and L.P., who had a history involving drugs,

5

and a paternal uncle were also at the apartment with Appellant and her children. The Department belatedly had Appellant sign the safety plan for the monitored return on the same day as, and immediately prior to, removal of A.D.P. and L.P. from the monitored return.

The only evidence relating to the physical health of the children while in Appellant's care was that they had lice. The Department offered no evidence of any significant physical or emotional impairment that would result from Appellant's appointment as managing conservator. While this case was pending, A.D.P. and L.P. were placed by the Department in seven different homes or facilities and were ultimately placed in a "legal risk home" (a placement where the foster parents desire to adopt foster children) in Austin, approximately 340 miles from Appellant's residence. The record shows that Appellant had no vehicle.

The Department failed to offer legally or factually sufficient evidence to support the trial court's finding under Section 263.404(a) that the appointment of Appellant as the managing conservator of A.D.P. and L.P. would significantly impair their physical health or emotional development. Consequently, the trial court abused its discretion in rendering a final order appointing the Department instead of Appellant as the managing conservator of A.D.P. and L.P. Appellant's fifth and sixth issues are sustained.

We reverse the order of the trial court insofar as it awarded managing conservatorship of A.D.P. and L.P. to the Department, and we remand the cause to the trial court for rendition of an order appointing Appellant as the managing conservator of A.D.P. and L.P. and—unless Appellant's current circumstances have deteriorated to such a degree as to constitute a danger to the health and safety of the children—returning A.D.P. and L.P. to Appellant's care. *See Shook v. Gray*, 381 S.W.3d 540, 543 (Tex. 2012) (remanding cause); *Lewelling*, 796 S.W.2d at 168-69 & nn.9–10 (remanding for rendition). In all other respects, the order of the trial court is affirmed. Any proceeding on remand to the trial court must be commenced within 180 days of this court's mandate. Tex. R. App. P. 28.4.


                                                    JIM R. WRIGHT
March 7, 2013                                       CHIEF JUSTICE

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

6