**Opinion filed May 14, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00328-CV

_____

## IN THE INTEREST OF E.S.H., A CHILD

**On Appeal from the 318th District Court**

**Midland County, Texas**

**Trial Court Cause No. FM 57,092**

## M E M O R A N D U M   O P I N I O N

This appeal stems from an order entered in a suit affecting the parent-child relationship with respect to the child, E.S.H. The suit was filed by the Department of Family and Protective Services. The trial court held a bench trial and entered an order in which it appointed the child's maternal grandfather as the sole managing conservator, removed the Department as a conservator, and appointed the child's parents as possessory conservators of the child. The child's mother filed a notice of appeal. We affirm.

On appeal, the mother presents two issues for review. In her first issue, she asserts that the trial court erred when it ordered that her visitation with the child be supervised. In her second issue, she contends that the trial court erred in appointing the maternal grandfather to be the child's sole managing conservator, while relegating her to possessory conservator. In these issues, Appellant argues that the evidence was insufficient to support the trial court's order.

We review a determination of conservatorship for abuse of discretion. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). Under this standard, legal and factual sufficiency challenges are not independent grounds of error but factors used to determine whether the trial court abused its discretion. *In re A.D.A.*, No. 11-12-00002-CV, 2012 WL 4955270, at *1 (Tex. App.—Eastland Oct. 18, 2012, no pet.) (mem. op.) (citing *Gardner v. Gardner*, 229 S.W.3d 747, 751 (Tex. App.—San Antonio 2007, no pet.); *London v. London*, 192 S.W.3d 6, 14 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)). The best interest of the child is always the primary consideration of the court in determining managing conservatorship. TEX. FAM. CODE ANN. § 153.002 (West 2014).

Although trial courts are afforded broad discretion in deciding family law questions, the legislature has explicitly limited the exercise of that discretion when a nonparent seeks to be appointed as managing conservator. *Lewelling v. Lewelling*, 796 S.W.2d 164, 168 (Tex. 1990). When a court determines conservatorship between a parent and a nonparent, a presumption exists that appointing the parent as the sole managing conservator is in the child's best interest; this presumption is deeply embedded in Texas law. FAM. § 153.131; *Lewelling*, 796 S.W.2d at 166. Section 153.131(a) provides:

> [U]nless the court finds that appointment of the parent or parents would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional

development, a parent shall be appointed sole managing conservator or both parents shall be appointed as joint managing conservators of the child.

The statutory language in Section 153.131(a) creates a strong presumption in favor of parental custody and imposes a heavy burden on a nonparent. *Lewelling*, 796 S.W.2d at 167.

Evidence showing that the nonparent would be a better custodian of the child does not suffice, and close calls should be decided in favor of the parent. *Id.* at 167–68. The nonparent may rebut the presumption with affirmative proof, by a preponderance of the evidence, that appointing the parent as managing conservator would significantly impair the child, either physically or emotionally. *Id.* at 167; *see also In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007). Usually, the nonparent must present evidence that shows a parent's conduct would have a detrimental effect. *Gray v. Shook*, 329 S.W.3d 186, 197 (Tex. App.—Corpus Christi 2010), *aff'd in part and rev'd in part*, 381 S.W.3d 540 (Tex. 2012); *see Lewelling*, 796 S.W.3d at 167.

Additionally, a trial court may determine that unrestricted possession by a parent who is appointed as a possessory conservator would endanger the physical or emotional welfare of the child but that restricted possession or access would not. *In re Walters*, 39 S.W.3d 280, 286 (Tex. App.—Texarkana 2001, no pet.). The terms of an order that impose restrictions or limitations on a parent's right to possession of or access to a child may not exceed those that are required to protect the best interest of the child. FAM. § 153.193. The trial court's order restricted Appellant's possession of and access to the child to "all times mutually agreed between" Appellant and the grandfather and, "failing mutual agreement, under the supervision of Hannah's House."

None of the parties requested findings of fact or conclusions of law, and the trial court did not enter any findings or conclusions. *See* FAM. §153.258. Therefore,

we must infer that the trial court made all the findings necessary to support its final order, and we must affirm that order if it can be upheld on any legal theory that finds support in the evidence. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

In the present case, five witnesses testified at trial: Appellant, the child's father, the child's maternal grandfather, a Department caseworker, and a friend of Appellant. The trial court also conferred with the child outside the presence of the parties.

The grandfather testified about Appellant's irrational and angry behavior and her "uncontrollable rage." Due to Appellant's behavior, the grandfather was concerned for the child's safety when the child was with Appellant. He was also concerned for the child's safety because of domestic violence issues. The child had been present and called the police when Appellant's boyfriend committed domestic violence against Appellant. Appellant continued the relationship with her abuser— a relationship that the grandfather referred to as a "volatile combination." The grandfather was also concerned that, in recent years, the child was "not well taken care of" and was in need of basic hygiene. Appellant was no longer providing a stable home for the child, and the child had missed more than one month of school prior to her removal in October.

The child lived with her grandfather while this case was pending. She went to counseling once a week, and the grandfather intended to continue the counseling. The grandfather did not want Appellant's parental rights to be terminated because the child is very attached to Appellant—despite the fact that Appellant only visited her three times while this case was pending. The grandfather did not believe that he could adequately supervise any visits with Appellant; he testified that Appellant, while talking to her attorney, had threatened "to get in her car and bring her 45 to kill" the grandfather.

4

Samantha Clough, a caseworker for the Department, was assigned to this case in March 2014. Clough was concerned about the number of times Appellant had moved during a time span of one and one-half years and about Appellant's continued relationship with a boyfriend who had committed domestic violence against Appellant. Appellant's behavior was also a concern. Appellant was not cooperative and was not able to communicate with the Department in a respectful manner, and she had not complied with her service plan.

Clough recommended that the grandfather be appointed as the primary custodian of the child and that Appellant's visitation with the child be supervised at a visitation center such as Hannah's House. Clough believed this to be in the child's best interest and stated that the grandfather had met all of the child's needs and had provided the child with an appropriate home. The child was doing well in the grandfather's home and was involved in a lot of activities.

Appellant wanted primary custody of the child, but Appellant's "plan B" was for the child to be placed with Appellant's friend, Dana. However, evidence was presented that Appellant had a history of "disappear[ing]" with the child. Appellant had also refused to permit the child's father to visit the child. The child's father had concerns about Appellant's "rage." Dana agreed that Appellant had "an explosive temper," which was exacerbated when the child was removed from Appellant's care. The child's father said that Appellant had "never been able to present [the child] with a stable environment." Additionally, Appellant admitted that she smoked marihuana on occasion when the child was not at home.

After reviewing the record, we hold that the trial court did not abuse its discretion when it appointed the maternal grandfather to be the child's sole managing conservator or when it placed restrictions on Appellant's visitation. The evidence supports the trial court's implied findings that (1) the restrictions and limitations

imposed on Appellant's right to possession of or access to the child were required to protect the best interest of the child and (2) the child's physical health or emotional development would be significantly impaired if Appellant were appointed as a managing conservator. *See* FAM. §§ 153.131(a), 153.193. Both of Appellant's issues are overruled.

We affirm the order of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


May 14, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.