**Opinion filed October 6, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00319-CV

_____

## IN THE INTEREST OF C.D.M., A CHILD

**On Appeal from the County Court at Law**
**Brown County, Texas**
**Trial Court Cause No. CV1110357**

### M E M O R A N D U M   O P I N I O N

This case involves a suit affecting the parent-child relationship brought by biological grandparents. The trial court dismissed their suit seeking managing conservatorship of their grandchild based upon their failure to file an affidavit that complied with the requirements of Section 153.432(c) of the Texas Family Code. TEX. FAM. CODE ANN. § 153.432(c) (West 2014). The principal issue in this appeal is whether grandparents who pleaded that they had standing under Section 102.003(a)(9) of the Texas Family Code must also comply with the additional requirements of Section 153.432 in order to pursue their suit affecting the parent-child relationship seeking to be appointed as managing conservators. FAM.

§ 102.003(a)(9) (West Supp. 2016). We conclude that Appellants' satisfaction of the general standing statute (Section 102.003) relieved them from having to comply with the additional requirements of Section 153.432. Accordingly, we reverse and remand.

*Background Facts*

Appellants, Darla Barnum and Donnie Barnum, are the maternal grandparents of C.D.M., their grandson. They filed their Original Petition in Suit Affecting the Parent-Child Relationship on October 4, 2011. They designated the parents of the child as respondents. Appellants sought to be appointed as the joint managing conservators of the child. At the time the suit was filed, the child was three years old and was not the subject of any previous court-ordered conservatorships. With respect to standing, Appellants alleged in their original petition that they "have standing to bring this suit in that the child has lived with [Appellants] since birth, and they have had continuous care and custody of the child."

The case was set for trial on June 1, 2015. As of that date, Appellants' live pleading was their Second Amended Original Petition in Suit Affecting the Parent-Child Relationship. In this petition, Appellants sought to be named as joint managing conservators of the child along with the child's mother. Appellants also sought to be designated as the conservators with the exclusive right to designate the primary residence of the child.[1] Appellants alleged in this petition that they had standing under both Section 102.003 and Section 153.432. Specifically, Appellants alleged that they "had actual care, control and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of the original petition." They additionally asserted that they had attached an affidavit alleging that

---

[1]The child's mother also sought to be appointed as a joint managing conservator along with Appellants. However, she sought to be designated as the conservator with the exclusive right to designate the primary residence of the child.

denial of their possession or access to the child would significantly impair the child's physical health or emotional well-being.

On the morning of trial, the father of the child filed a motion to dismiss Appellants' claims for failure to comply with Section 153.432(c). The father alleged in his motion that the affidavit attached to Appellants' live pleading was deficient under Section 153.432(c) because it did not contain supporting facts as to why the denial of possession or access to the child by Appellants would significantly impair the child's physical health or emotional well-being.[2] The father additionally alleged that Appellants did not sufficiently plead facts to show they had standing.

The trial court received arguments from counsel on the father's motion to dismiss. Appellants' trial counsel asserted that Appellants had brought suit seeking to be named as joint managing conservators under Section 102.003(a)(9). He additionally asserted that Appellants were also bringing suit under Section 153.432 for possession and access as a grandparent as essentially a request for alternative relief. Appellants' trial counsel asked the trial court to permit Appellants to amend their supporting affidavit in the event the trial court determined that it was insufficient. The trial court granted the father's motion to dismiss Appellants from the case because of their noncompliance with Section 153.432(c). The trial court subsequently entered an order naming the child's mother as the sole managing conservator and the father as the possessory conservator.

*Analysis*

Appellants assert in their first issue that the trial court erred in dismissing their suit because they had standing under Section 102.003(a)(9). A party seeking conservatorship of a child must have standing to do so. *See In re McDaniel*, 408

---

[2]Appellants' supporting affidavit provided in relevant part as follows: "Based on the following fact that C.D.M. has lived in our home under our care, possession and control practically since his birth[,] . . . we allege that denial of possession of or access to [C.D.M.] by either [Appellant] would significantly impair C.D.M.'s physical health or emotional well-being."

S.W.3d 389, 396 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding). A party's standing to sue is implicit in the concept of subject-matter jurisdiction. *Linegar v. DLA Piper LLP (US)*, No. 14-0767, 2016 WL 3157363, at \*3 (Tex. May 27, 2016) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex. 1993)). Because standing is implicit in the concept of subject-matter jurisdiction, it is a threshold issue in a conservatorship proceeding. *See In re N.L.D.*, 344 S.W.3d 33, 37 (Tex. App.—Texarkana 2011, no pet.); *In re SSJ-J*, 153 S.W.3d 132, 134 (Tex. App.—San Antonio 2004, no pet.).

Determining whether a trial court has subject-matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (citing *Tex. Nat. Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002)). Thus, standing to bring a claim is a question of law that we review de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). The father challenged the manner in which Appellants pleaded standing rather than challenging the existence of jurisdictional facts. When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Miranda*, 133 S.W.3d at 226 (citing *Tex. Ass'n of Bus.*, 852 S.W.2d at 446). We construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent. *Id.*

Section 102.003(a)(9) provides that "[a]n original suit may be filed at any time by . . . a person, other than a foster parent, who has had actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of the petition." As noted previously, Appellants pleaded that they "had actual care, control and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of the original petition." This pleading tracked the language of Section 102.003(a)(9). Accordingly, Appellants sufficiently pleaded standing under this provision because

4

they gave fair notice to the other parties of their statutory basis for standing. *See Jasek v. Tex. Dep't of Family & Protective Servs.*, 348 S.W.3d 523, 530 (Tex. App.—Austin 2011, no pet.) (citing *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000)); *In re SSJ-J*, 153 S.W.3d at 134–35.

The bigger question to resolve in this appeal is the interaction between Section 102.003(a)(9) and Section 153.432(c). Specifically, did Appellants' failure to file an affidavit that complied with Section 153.432(c) preclude them from seeking to be named as the joint managing conservators of the child? We conclude that it did not.

The Texas Legislature has provided a comprehensive statutory framework in the context of suits involving the parent-child relationship. *In re H.G.*, 267 S.W.3d 120, 124 (Tex. App.—San Antonio 2008, pet. denied). When standing has been statutorily conferred, the statute itself serves as the proper framework for the standing analysis. *See id.* at 123; *see also Tex. Dep't of Protective & Regulatory Servs. v. Sherry*, 46 S.W.3d 857, 861 (Tex. 2001) (applying the statutory framework to determine standing under the Family Code). To the extent that the issue turns on statutory construction, we review the question de novo. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). Our primary purpose is to give effect to the intent of the legislature, and where the text is clear, it is dispositive of that intent. *Id.* Our construction begins with the plain meaning of the statute's words. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004). "Words and phrases shall be read in context and construed according to the rules of grammar and common usage." TEX. GOV'T CODE ANN. § 311.011(a) (West 2013). But when there is "a technical or particular meaning, whether by legislative definition or otherwise," we construe those words or phrases accordingly. *Id.* § 311.011(b).

"Section 102.003, entitled 'General Standing to File Suit,' is the general standing provision for filing an original suit affecting the parent-child relationship."

*In re SSJ-J*, 153 S.W.3d at 134. It is contained within Title 5 of the Family Code, the provisions of the code pertaining to "The Parent-Child Relationship and the Suit Affecting the Parent-Child Relationship." The Family Code defines a "suit affecting the parent-child relationship" as "a suit filed as provided by this title in which the appointment of a managing conservator or a possessory conservator, access to or support of a child, or establishment or termination of the parent-child relationship is requested." FAM. § 101.032(a). The purpose of Section 102.003(a)(9) is to create standing for those who have developed and maintained a relationship with a child over time. *In re E.G.L.*, 378 S.W.3d 542, 547 (Tex. App.—Dallas 2012, pet. denied); *In re Y.B.*, 300 S.W.3d 1, 4 (Tex. App.—San Antonio 2009, pet. denied). Standing under Section 102.003(a)(9) "is not conditioned on a biological relationship, if any, but on a period of time." 33 John F. Elder, *Texas Practice Series: Handbook of Texas Family Law* § 27:4 (2015).

Section 153.432 permits a grandparent to seek possession of or access to a child under certain circumstances.[3] FAM. § 153.432(a); *see In re B.G.D.*, 351 S.W.3d 131, 140 (Tex. App.—Fort Worth 2011, no pet.) (citing *In re Smith*, 260 S.W.3d 568, 572–73 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding)). The section is contained within Subchapter H of Title 5, the subchapter that is commonly referred to as the grandparent access statute. *See In re Derzapf*, 219 S.W.3d 327, 328 (Tex. 2007) (citing FAM. §§ 153.432–.434). Section 153.432(c) contains a requirement that a grandparent seeking possession or access under Subchapter H must execute and attach an affidavit containing "supporting facts" detailing how the denial of possession of or access to the child by the grandparent petitioner would significantly impair the child's physical health or emotional well-being. *See* FAM.

---

[3]"Access" allows a person to visit and communicate with a child; "possession" allows a person to exercise control over the child to exclusion of others. *See Blackwell v. Humble*, 241 S.W.3d 707, 718 n.4 (Tex. App.—Austin 2007, no pet.) (citing *In re L.M.M.*, No. 03-04-00452-CV, 2005 WL 2094758, at *11 (Tex. App.—Austin Aug. 31, 2005, no pet.) (mem. op.)).

§ 153.433(a)(2). The affidavit requirement of Section 153.432(c) is a relatively new addition to the Family Code, having been enacted in 2009. *See* Act of May 29, 2009, 81st Leg., R.S., ch. 1113, § 11, 2009 Tex. Gen. Laws 3056, 3060 (effective Sept. 1, 2009). It is similar in nature to the affidavit requirement set out in Section 156.102 for filing a motion to modify the designation of the person having the exclusive right to designate the primary residence of a child within one year of the previous designation. FAM. § 156.102; *see In re C.S.*, 264 S.W.3d 864, 874–75 (Tex. App.—Waco 2008, no pet.).

To the extent that Appellants were only seeking possession of or access to their grandchild under Subchapter H, they were required to comply with the affidavit requirements of Section 153.432(c). However, Appellants were seeking more than just possession and access—they were seeking to be appointed managing conservators of the child. The Texas Supreme Court noted this distinction in a footnote in *Derzapf*, when it stated:

> This is not to say that grandparents may not seek *conservatorship* by satisfying chapter 102's standing requirements. *See, e.g.*, TEX. FAM. CODE § 102.003(a)(9) (authorizing suits by any "person, other than a foster parent" who has had actual care, control, and possession of the child for a designated period); *id.* § 102.004(a) (authorizing a grandparent to file an original suit seeking managing conservatorship under certain circumstances). *Possession* and *access*, however, are governed by chapter 153. *Id.* § 102.004(c).

219 S.W.3d at 332 n.10. While the step-grandparent in *Derzapf* alleged that he had general standing under Section 102.003(a)(9), the supreme court did not address his claim under this provision because the trial court only awarded possession of and access to the step-grandchild under the grandparent access statute. *Id.* at 332.

The supreme court subsequently addressed a situation involving a grandparent claiming standing under Section 102.003(a)(9) in *Shook v. Gray*, 381 S.W.3d 540 (Tex. 2012). *Shook* involved a grandmother who sought to be appointed as

7

managing conservator of her grandchild based upon standing under Section 102.003(a)(9). 381 S.W.3d at 541–42. The court noted that the grandmother "pled and established general standing to file a suit for conservatorship *and access*, as someone who has had care, control, and possession of a child for the designated time." *Id.* at 543 (emphasis added) (citing FAM. § 102.003). The court held that the grandmother had standing under Section 102.003(a)(9) to seek "conservatorship *or access*" of her grandchild. *Id.* (emphasis added).

Under *Shook*, Appellants had standing by virtue of Section 102.003(a)(9) to seek both conservatorship and access to their grandchild. The remaining question is whether or not the deficiency of their affidavit precluded their request to be named as the child's managing conservators. The affidavit requirement of Section 153.432(c) is a procedural requirement for a grandparent seeking possession of or access to their grandchild under the grandparent access statute. *See* FAM. § 153.432(b) (providing that "[a] grandparent may request possession of or access to a grandchild in a suit filed for the sole purpose of requesting the relief, *without regard to whether the appointment of a managing conservator is an issue in the suit*" (emphasis added)). Appellants sought to be named as the managing conservators of their grandchild under a provision of the general standing statute that is not based upon their biological relationship to the child. *See In re B.A.G.*, No. 11-11-00354-CV, 2013 WL 364240 (Tex. App.—Eastland Jan. 31, 2013, no pet.) (mem. op.) (recognizing that family friends had standing under Section 102.003(a)(9)). Since Appellants' request to be appointed as managing conservators was not brought under the grandparent access statute, we conclude that the affidavit requirement of Section 153.432(c) does not apply to their request to be appointed as managing conservators, which entails the right to primary possession of the child, or their request to determine the child's primary residence. The rights to primary possession and to determine a child's primary residence are "core rights of managing

8

conservatorship." *In re C.A.M.M.*, 243 S.W.3d 211, 215 n.7 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (quoting *Phillips v. Beaber*, 995 S.W.2d 655, 660 (Tex. 1999)). Accordingly, we sustain Appellants' first issue.[4] In light of our disposition, we do not reach their second issue in which they assert that the trial court should have permitted them to amend their pleadings and affidavit. *See* TEX. R. APP. P. 47.1.

*This Court's Ruling*

We reverse the trial court's order dismissing Appellants' claims and remand the cause for further proceedings consistent with this opinion.


JOHN M. BAILEY

JUSTICE


October 6, 2016

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

---

[4]As was the case in *In re B.A.G.*, we only conclude that Appellants have the right to be heard on their request to be appointed managing conservators. 2013 WL 364240, at *11. We express no opinion on Appellants' ultimate right to prevail.

9