# IN THE SUPREME COURT OF TEXAS

No. 19-0694

IN RE C.J.C., RELATOR

ON PETITION FOR WRIT OF MANDAMUS

JUSTICE LEHRMANN, concurring.

Today the Court answers an important question about the constitutionally mandated presumption that a fit parent acts in his child's best interest, holding that the presumption applies not just in an original suit affecting the parent–child relationship but also in a proceeding by a nonparent to modify a conservatorship order that appoints a parent managing conservator. I wholeheartedly agree. While a modification proceeding presents policy considerations that are not necessarily at issue in an original suit,[1] those considerations do not affect or diminish the constitutional underpinning of the presumption—parents' fundamental right to make decisions concerning the care, custody, and control of their children. *Troxel v. Granville*, 530 U.S. 57, 65 (2000) (plurality opinion). The Court thus correctly concludes that a best-interest determination in any proceeding involving a nonparent's request for conservatorship or possession, over the objection of a child's fit parent, must accord that parent the presumption that he is acting in the child's best interest so long as that presumption has not previously been overcome. *Ante* at ___.

---

[1] We explained in *In re V.L.K.* that "modification suits raise additional policy concerns such as stability for the child and the need to prevent constant litigation in child custody cases." 24 S.W.3d 338, 343 (Tex. 2000).

I write separately to highlight an equally important issue that the Court appropriately does not reach but with which trial courts will undoubtedly continue to struggle: the proper evaluation of whether the fit-parent presumption has been overcome in a particular case. The trial court's temporary orders and oral pronouncements in this case give no indication that the court considered the presumption in conducting its best-interest analysis. *See ante* at ___. And while the petitioning nonparent argues (erroneously) that the presumption does not apply to modification proceedings, he does not alternatively argue that, in the event the presumption applies, he has adduced evidence to overcome it. *Id.* at ___. This has left the Court with no basis on which to evaluate whether the presumption has indeed been overcome at this stage of the proceeding.

On this issue, the *Troxel* plurality provided guidance but not a definitive standard. In *Troxel*, the United States Supreme Court was asked to determine the constitutionality of Washington's nonparent visitation statute, which allowed "[a]ny person" to petition for visitation with a child "at any time" and authorized the trial court to grant such visitation if it would be in the best interest of the child. 530 U.S. at 60 (plurality opinion) (quotation omitted). The trial court in *Troxel* awarded grandparent visitation over the objection of the child's mother, who did not seek "to cut off visitation entirely" but disagreed with the grandparents as to the appropriate amount. *Id.* at 71.

The plurality saw two fundamental problems with the statute as it was applied to the mother. First, it "effectively permit[ted] any third party seeking visitation to subject any decision by a parent concerning visitation of the parent's children to state-court review." *Id.* at 67. Second, as the statute had been construed by the Washington Supreme Court, it "accorded no deference" to the decision of a "fit" parent—described as a parent who "adequately cares for his or her

children"—that visitation would *not* be in the child's best interest. *Id.* at 67–68. Instead, the statute allowed the trial court to overturn such a decision merely because the court "believe[d] a 'better' decision could be made." *Id.* at 73. Importantly, while the plurality explained that a court "must accord at least some special weight" to a fit parent's best-interest determination, it declined to define "the precise scope of the parental due process right in the visitation context" or to consider whether a "showing of harm or potential harm to the child [is] a condition precedent to granting visitation." *Id.* at 70, 73.

After *Troxel*, the question remains: under what circumstances may a trial court award custody or visitation to a nonparent over a fit parent's objection, notwithstanding the special weight that must be accorded the parent's decision? In Texas, the Family Code provides a standard for resolving this question in some types of proceedings but not in others. In an original suit affecting the parent–child relationship, section 153.131 requires that a parent or parents be named managing conservators "unless the court finds that appointment of the parent or parents would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development." TEX. FAM. CODE § 153.131(a). Similarly, a court may award a grandparent possession of or access to a child over a parent's objection only if, among other things, the grandparent "overcome[s] the presumption that a parent acts in the best interest of the parent's child by proving by a preponderance of the evidence that the denial of possession of or access to the child would significantly impair the child's physical health or emotional well-being." *Id.* § 153.433(b)(2). However, as the Court recognizes, the Family Code says nothing about how the presumption may be overcome in a modification proceeding like the one at issue here. *See ante* at ___. Nor does the Code specifically address awards of possession or access (rather than

3

conservatorship) to a nonparent whose standing to file suit is premised on the parent-like role he has played in a child's life. *See* TEX. FAM. CODE § 102.003(a)(9) (granting standing to "a person, other than a foster parent, who has had actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of the petition"). And determining whether an award of such possession or access is in the child's best interest while according the requisite weight to a fit parent's objection is no easy task.

A person who establishes standing under section 102.003(a)(9) of the Family Code has "general standing to file a suit for conservatorship and access." *Shook v. Gray*, 381 S.W.3d 540, 543 (Tex. 2012).[2] We held in *In re H.S.* that a nonparent has standing under subsection (a)(9) "if, for the requisite six-month time period, the nonparent served in a parent-like role by (1) sharing a principal residence with the child, (2) providing for the child's daily physical and psychological needs, and (3) exercising guidance, governance, and direction similar to that typically exercised on a day-to-day basis by parents with their children." 550 S.W.3d 151, 160 (Tex. 2018). We explained that "the relationship that develops over time between a child and a person who serves in a parent-like role . . . justifies allowing that person to seek to preserve involvement in the child's life." *Id.* at 159. And as we recognized in *Shook*, if the person is unable to overcome the statutory presumption that a parent should be named managing conservator absent a showing of significant impairment to the child's physical health or emotional development, the trial court may still name the person as a possessory conservator or grant her access if it would be in the child's best interest.

---

[2] We recognized in *Shook* that when a nonparent requests managing conservatorship and fails to overcome the statutory presumption, the trial court should still consider whether an award of possessory conservatorship or access is in the child's best interest. 381 S.W.3d at 543. In other words, a request for conservatorship necessarily encompasses a lesser request for possession or access. *See id.*

4

381 S.W.3d at 543; *see also In re Ryan*, No. 12-16-00284-CV, 2016 WL 6996639, at *2 (Tex. App.—Tyler Nov. 30, 2016, orig. proceeding) (mem. op.) (where child lived with both parties in a parent–child relationship from his birth but only one party formally adopted the child and thus qualified as his parent, the trial court correctly applied the statutory presumption in appointing the parent sole managing conservator in temporary orders, but abused its discretion in failing to consider whether appointment of the nonparent as possessory conservator would be in the child's best interest). That said, even when a nonparent with standing under subsection (a)(9) seeks possessory conservatorship or access rather than (or in the alternative to) managing conservatorship, the best-interest determination necessarily encompasses the constitutionally required deference to a fit parent's decisions. *See ante* at ___.

We have not had occasion since *Troxel* to review the merits of an award of possession or access to a nonparent whose standing is premised on the parent-like role he has played in the child's life. *See In re H.S.*, 550 S.W.3d at 163 (holding that the child's grandparents had standing under section 102.003(a)(9) but expressing "no opinion" on whether they were entitled to conservatorship or visitation rights). Thus, while we have recognized that a trial court may award possessory conservatorship or access to a nonparent with section 102.003(a)(9) standing if it would be in the child's best interest, we have not evaluated the propriety of such an award in light of the fit-parent presumption. *See id.*; *see also Shook*, 381 S.W.3d at 542–43 (holding that the court of appeals, in reversing the trial court's appointment of a nonparent as managing conservator, erred in foreclosing the trial court on remand from considering (1) whether changed circumstances since the initial order would allow the nonparent to overcome the statutory presumption as to managing conservatorship and (2) whether, in the event the nonparent could not overcome the statutory

5

presumption, it would nevertheless be in the child's best interest to appoint the nonparent possessory conservator or grant her access). Nor are we presented with the opportunity to do so today.

However, several other state supreme courts have reviewed nonparent visitation orders post-*Troxel*,[3] providing guidance on applying the fit-parent presumption when a nonparent who has served in a parent-like role seeks visitation. Such cases demonstrate that, in determining whether an award of visitation to a nonparent is in a child's best interest, courts may afford the requisite deference to a fit parent's decisions concerning his child while still giving due consideration to the effect on the child's well-being of severing, or significantly curtailing, contact with a person who has served in a parent-like role to the child over a significant period of time. *See Rideout v. Riendeau*, 761 A.2d 291, 301 (Me. 2000) (noting that the "cessation of contact with a grandparent whom the child views as a parent may have a dramatic, and even traumatic, effect upon the child's well-being").[4] As such, while the fit-parent presumption is a pivotal part of the best-interest analysis even in the absence of a specific statutory standard, it is not absolute. The question of the degree of evidence necessary to overcome the presumption that a fit parent's

---

[3] *See, e.g.*, *Hernandez v. Hernandez*, 265 P.3d 495, 497 (Idaho 2011); *McAllister v. McAllister*, 779 N.W.2d 652, 661–62 (N.D. 2010); *SooHoo v. Johnson*, 731 N.W.2d 815, 819–20 (Minn. 2007); *In the Matter of ES v. PD*, 863 N.E.2d 100, 104–06 (N.Y. 2007); *Harold v. Collier*, 836 N.E.2d 1165, 1168 (Ohio 2005).

[4] In his *Troxel* dissent, Justice Stevens noted, "While this Court has not yet had occasion to elucidate the nature of a child's liberty interests in preserving established familial *or family-like* bonds, it seems to me extremely likely that, to the extent parents and families have fundamental liberty interests in preserving such intimate relationships, so, too, do children have these interests, and so, too, must their interests be balanced in the equation." 530 U.S. at 88 (Stevens, J., dissenting) (emphasis added) (internal citation omitted). The importance of preserving those family-like bonds is reflected in commentaries on the subject. *See, e.g.*, Rebecca L. Scharf, *Psychological Parentage,* Troxel*, and the Best Interests of the Child*, 13 GEO. J. GENDER & L. 615, 634 (2012) ("Studies confirm that the loss of—or sudden, long-term separation from—an attachment figure [like a psychological parent] creates significant psychological harm in children and can 'seriously injure and fragment an individual's sense of self.'" (footnote omitted) (quoting Shelley A. Riggs, *Response to* Troxel v. Granville*: Implications of Attachment Theory for Judicial Decisions Regarding Custody and Third-Party Visitation*, 41 FAM. CT. REV. 39, 41 (2003))).

decisions are in the best interest of the child when a nonparent who has acted in a parent-like role seeks visitation remains unanswered. *See Troxel*, 530 U.S. at 73 (plurality opinion) (recognizing that "the constitutionality of any standard for awarding visitation turns on the specific manner in which that standard is applied").

With these additional thoughts, I join the Court's opinion and concur in its conditional grant of mandamus relief.

_____
Debra H. Lehrmann
Justice

**OPINION DELIVERED:** June 26, 2020